UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AMERICAN SEATING COMPANY,

      Plaintiff,

v.                                                                              Case No. 1:08-CV-1134

SIMPSON INTERIORS, LLC, JEFF                           HON. GORDON J. QUIST
SIMPSON, and JO BETH SIMPSON,

      Defendants.
_____/

## OPINION

      Plaintiff filed its Complaint in this case on December 12, 2008, alleging that Defendants failed to forward certain funds to Plaintiff that Defendants were obligated to remit under the parties' Dealer Agreement. Plaintiff alleged state law claims for breach of contract; quantum meruit/unjust enrichment; fraudulent misrepresentation; and conversion, seeking to recover the funds at issue. In addition, Plaintiff sought a declaratory judgment that Plaintiff owes Defendant Simpson Interiors, LLC nothing on the Lackland Air Force Base project.

      After making several attempts to serve Defendants, Plaintiff filed a motion for alternative service, which the Court granted on December 31, 2008. Plaintiff served Defendants on January 2, 2009, and Defendants' answers were due on January 22, 2009. Defendants failed to answer within the prescribed time, and on January 23, 2009, Plaintiff filed an application for entry of default. The Clerk entered the defaults on January 26, 2009. Plaintiff has now moved for entry of default judgment.

      Defendant Simpson Interiors, LLC is a limited liability company and, therefore, is not a minor, incompetent person, or current member of the military service. Fed. R. Civ. P. 55(b); 50

App. U.S.C. § 521. *Cf. Bd. of Trs. of the Sign Pictorial & Display v. Preferred Exhibitor Serv.*, No. C-04-2826 MJJ, 2005 WL 43958, at *1 (N.D. Cal. Jan. 10, 2005) ("As a corporation, Defendant is not a unrepresented minor, an incompetent person, or a person in military service."). In addition, Plaintiff states that neither Defendant Jeff Simpson nor Defendant Jo Beth Simpson is a member of the military or a minor or incompetent person. (Pl.'s Application ¶¶ 8, 9.)

It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Therefore, by their defaults, Defendants have admitted all facts to establish their liability. Plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). However, Plaintiff must still establish its damages. *Antoine*, 66 F.3d at 110. A hearing is unnecessary if sufficient evidence is submitted to support the request for damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

In support of its Application for Default Judgment, Plaintiff has submitted an Affidavit from Jeff Brown, a Credit Manager for Plaintiff. Brown states that Defendants were required to pay Plaintiff $155,158.51 under the invoice at issue, but Defendants failed to pay any of that amount. (Brown Aff. ¶¶ 7, 8, 10, 11.) Plaintiff is thus entitled to a default judgment in the amount of $155,158.51 on its claims for breach of contract, unjust enrichment, and fraudulent misrepresentation.

Plaintiff also asserts a claim for conversion and seeks treble damages pursuant to M.C.L. § 600.2919a, which provides in pertinent part:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

>   (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>   (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

M.C.L. § 600.2919a(1). Ordinarily, "an action cannot be maintained for conversion of money unless there is an obligation on the part of the defendant to return the specific money entrusted to his care." *Citizens Ins. Co. v. Delcamp Truck Ctr., Inc.*, 178 Mich. App. 570, 575, 444 N.W.2d 210, 213 (1989). In this case, Plaintiff alleges that it was entitled to certain amounts for products it sold and delivered to Alamo Community College District ("ACCD"). Plaintiff further alleges that Defendants procured the purchase order from ACCD with Defendant Simpson Interiors listed as the vendor when, under the Dealer Agreement, Plaintiff should have been listed as the vendor. Defendants forwarded the purchase order to Plaintiff after changing it to show Plaintiff as the vendor. Consequently, in reliance on the purchase order and without knowledge of Defendants' change, Plaintiff delivered the products to ACCD. Because Simpson Interiors was listed as the vendor on ACCD's copy of the purchase order, ACCD paid Simpson Interiors rather than Plaintiff. Plaintiff subsequently learned that ACCD had paid Simpson Interiors directly. When Plaintiff confronted Defendants, they admitted receipt of the funds and indicated that they would forward it to Plaintiff, but failed to do so. These allegations establish that Defendants had an obligation to return specific funds to Plaintiff. Therefore, Plaintiff is entitled to treble damages in the amount of $465,475.53 on its conversion claim.

Because Defendants have admitted all the allegations of the Complaint, Plaintiff is also entitled to a declaration that it owes nothing to Defendant Simpson Interiors on the Lackland Air Force Base project.

Finally, Plaintiff seeks to recover its attorney fees and costs pursuant to both the Dealer Agreement and M.C.L. § 600.2919a.  In support of this request, Plaintiff submits an affidavit from its counsel stating that Plaintiff incurred $8698 in attorney fees as of February 28, 2009, and costs in the amount of $635.  (Mouw Aff. ¶¶ 3, 5.)  Pursuant to M.C.L. § 600.2919a(1), a plaintiff is entitled to recover its "reasonable attorney fees."  In contrast, the Dealer Agreement provides that "the prevailing party shall be entitled to cover . . . its *actual* attorney fees and costs."  (Dealer Agreement ¶ 19 (italics added).)  Even under the "reasonable attorney fees" standard of the statute, the Court concludes that the number of hours expended on the matter, and the total fee billed, were reasonable.  Therefore, the Court will award Plaintiff $9,333 in attorney fees and costs.

A separate judgment will issue.


Dated:  May 29, 2009                               /s/ Gordon J. Quist                
                                                                               GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE